Wu v. Garland

BIA
Sichel, IJ
A206 059 529

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of March, two thousand twenty-two.

PRESENT:
> ROSEMARY S. POOLER,
> RICHARD C. WESLEY,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

———————————————————————

LIANG WU, AKA JIAN MING LIN,
> *Petitioner*,

v.

MERRICK B. GARLAND,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*[1]

19-747
NAC

———————————————————————

FOR PETITIONER: Adedayo Idowu, Esq., New York, NY.

---

[1]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Merrick B. Garland is automatically substituted as Respondent.

**FOR RESPONDENT:** Joseph H. Hunt, Assistant Attorney General; Jessica E. Burns, Senior Litigation Counsel; John B. Holt Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Liang Wu, a native and citizen of the People's Republic of China, seeks review of a February 28, 2019, decision of the BIA affirming a December 4, 2017, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Liang Wu*, No. A 206 059 529 (B.I.A. Feb. 28, 2019), *aff'g* No. A 206 059 529 (Immig. Ct. N.Y. City Dec. 4, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the BIA's and the IJ's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We lack jurisdiction to review the agency's denial of Wu's asylum application as time barred on the ground that Wu failed to credibly establish that he applied for asylum within one year

2

of his entry. *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165 (2d Cir. 2008) (categorizing adverse credibility determinations as factual findings). Accordingly, we review the adverse credibility determination in the context of the agency's denial of withholding of removal and CAT relief and, as discussed below, conclude that substantial evidence supports that determination. *See Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination for substantial evidence).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the inherent plausibility of the applicant's . . . account, the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We

3

defer . . . to an IJ's adverse credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167; *accord Hong Fei Gao*, 891 F.3d at 76. Wu alleged past persecution as a Christian and that he continued to practice Christianity in the United States. Substantial evidence supports the agency's adverse credibility determination.

The IJ reasonably relied on Wu's demeanor. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). We generally defer to an IJ's conclusion that an applicant's testimony was evasive or not responsive. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005) (explaining that the "fact-finder who assesses testimony together with witness demeanor is in the best position to discern . . . whether a witness who hesitated in a response was nevertheless attempting truthfully to recount what he recalled of key events"); *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005) (giving "particular deference to credibility determinations that are based on the adjudicator's observation of the applicant's demeanor"). Contrary to Wu's argument, the IJ provided specific reasons for the demeanor finding, even pointing to an example where

4

Wu avoided a question about the name of the church he allegedly attended in Colorado. Moreover, record inconsistencies add support to the demeanor finding and the adverse credibility determination as a whole. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where . . . they are supported by specific examples of inconsistent testimony.").

The IJ reasonably relied on Wu's inconsistent statements about where he lived and attended church while his case was pending. Although he never filed a change of address from Brooklyn, New York, Wu admitted to living primarily in Colorado between 2014 and 2016 and not returning to New York until shortly before his hearing. He gave inconsistent reasons for his move to Colorado and inconsistent timelines for that move. Wu's argument that these inconsistencies are not material is misplaced. First, an IJ "may rely on *any* inconsistency . . . in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin*, 534 F.3d at 167 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). Second, inconsistencies in one

5

aspect of testimony can undermine the applicant's credibility as a whole. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence."). Third, the inconsistencies relate to the substance of his claim because they undermined his allegation that he practiced Christianity in the United States. Given Wu's testimony that he departed New York sometime in 2014 and returned to New York in October 2016, he could have attended church only a few times during that period. He could not remember the names of the churches he attended outside of New York or even an approximate date of the last time he went to church in the years he lived in Colorado.

The IJ reasonably concluded that Wu's documentary evidence did not rehabilitate his testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The IJ reasonably gave

6

little weight to letters from Wu's father and friend in China because they were written by interested parties unavailable for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) (holding that "[w]e generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence" and upholding agency's decision not to credit letter from applicant's spouse); *see also In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010) (finding letters from friends and family insufficient to support alien's claims because the authors were interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133– 38 (2d Cir. 2012). The IJ also reasonably gave diminished weight to an employment dismissal notice (Wu alleged he was fired following his arrest for attending the underground church) and a certificate from Wu's church in China because they were unsigned and unauthenticated and the church certificate did not address the alleged past persecution. *See Y.C.*, 741 F.3d at 332. And the agency reasonably discounted evidence of Wu's church attendance in New York because the author was not available for cross-examination and the evidence was of little value given Wu's admissions at

7

the hearing regarding his location.

In sum, the demeanor problem, inconsistent statements, and lack of reliable corroboration constitute substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). The adverse credibility determination is dispositive of withholding of removal and CAT relief because both forms of relief rely on the same discredited factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DISMISSED in part as to asylum and DENIED in remaining part.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court